STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ALBERT KEONI BACTAD, Defendant-Appellant.
No. 28461
Intermediate Court of Appeals of Hawaii.
March 31, 2008.
On the briefs:
Hayley Y.C. Cheng, Deputy Public Defender, for Defendant-Appellant.
Tracy Murakami, Deputy Prosecuting Attorney, County of Kauai, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant Albert Keoni Bactad (Bactad) appeals from the March 22, 2007 judgment of the Circuit Court of the Fifth Circuit (circuit court),[1] finding him guilty of Assault in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707-712 (Supp. 2006), sentencing him to one (1) year of imprisonment, and ordering him to pay restitution of $256.39, and a $55.00 Crime Victim Compensation Fee.
On July 28, 2006, Bactad was charged by written complaint with intentionally, knowingly, or recklessly causing bodily injury to Justin() Ganir, thereby committing the offense of Assault in the Third Degree. The case was tried to a jury, which returned a guilty verdict.
On appeal, Bactad raises the following points of error:
(1) "The circuit court erred in denying [Bactad's] oral motion for mistrial after allowing the improper, unsupervised separation of the jury without the consent of counsel.
(2) "The circuit court committed plain error by failing to voir dire the jury after the improper separation."
After a careful review of the records and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Bactad's points of error as follows:
(1) The circuit court did not abuse its discretion or otherwise err in denying the motion for a mistrial. Contrary to the suggestion of Bactad, the circuit court did not improperly modify its jury instructions when it allowed the jurors to separate and have lunch unescorted by the bailiff before they began deliberations. The jury instruction which Bactad contends was modified in violation of Hawaii Rules of Penal Procedure (HRPP) Rule 30 (e) stated in pertinent part that "[u]ntil you are through with your consideration of this case or you are otherwise excused by the court, it is necessary from this time that you remain together as a body." (Emphasis added.) When the circuit court allowed the jury to leave for lunch, it "excused" the jury within the meaning of this instruction. Accordingly, the circuit court did not violate HRPP Rule 30.
The circuit court's decision to allow the jury to separate for lunch was consistent with HRS § 635-32 (1993), which states:
Segregation during trial. It shall not be necessary in any case for any trial jury after having been finally accepted and sworn to try the cause, to be segregated, locked up, or otherwise confined at any time prior to retiring to deliberate upon their verdict; provided that the court may in its discretion order and direct that the trial jury in any case shall be segregated, locked up, or otherwise confined after being finally accepted and sworn to try the cause and until a verdict is arrived at or the jury discharged.
The Hawaii Supreme Court interpreted this statute in Territory v. Fukunaga, 30 Haw. 697, 731 (1928), and concluded that "it is optional with the trial judge whether to segregate the jury or not."[2] Thus, under HRS § 635-32, the circuit court had the discretion not to segregate the jury during their predeliberation lunch.
Furthermore, Bactad failed to present any evidence that he was prejudiced by the jury separating during lunch. Kealoha v. Tanaka, 45 Haw. 457, 470, 370 P.2d 468, 475 (1962) ("the best reasoned cases have held that there must be some evidence of other misconduct, in addition to the mere fact of separation, which has operated to the party's prejudice") (citation, ellipsis, and internal quotation marks omitted); State v. Kanae, 89 Hawai`i 198, 202, 970 P.2d 506, 510 (App. 1998) (in a case concerning separation during jury deliberations, "the burden of proving reversible harm as a result of the jury separation rests on Defendant. In meeting his burden, Defendant must adduce `some evidence of other misconduct . . . which has operated to the party's prejudice.'") (citation omitted). Rather, Bactad's counsel merely alleged that "the risk is great" for prejudice.
Finally, at several points during the trial, including immediately prior to excusing the jurors for lunch, the circuit court admonished the jurors not to discuss the case with anyone. We presume, absent evidence to the contrary, that the jurors followed the court's admonishment. State v. Jhun, 83 Hawai`i 472, 482, 927 P.2d 1355, 1365 (1996) ("[a]s a rule, we presume that the jury followed all of the trial court's instructions").
(2) The circuit court did not plainly err in not conducting a voir dire of the jury. Absent any indication that the jury had been improperly influenced, it was within the circuit court's discretion not to conduct a voir dire. See State V. Furutani, 76 Hawaii 172, 181, 873 P.2d 51, 60 (1994)("The defendant bears the initial burden of making a prima facie showing of a deprivation that `could substantially prejudice [his or her] right to a fair trial' by an impartial jury.") (citations omitted); cf. State v. Morishige, 65 Haw. 354, 362, 652 P.2d 1119, 1126 (1982) (trial court allowed counsel to conduct voir dire when it was "apprised" that a juror had observed the defendant in shackles).
Therefore,
IT IS HEREBY ORDERED that the March 22, 2007 judgment of the Circuit Court of the Fifth Circuit is hereby affirmed.
NOTES
[1] The Honorable Kathleen N.A. Watanabe presided.
[2] At the time of the Fukunaga decision, the statute was codified as Revised Laws of Hawai`i 1925, § 2424. 30 Haw. at 731.